# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 17-1649-M
 )
Residence and attached garage located at )
1102 Lincoln Avenue, Northampton Pennsylvania )
 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

1102 Lincoln Avenue, Northampton, PA, more particularly described in Attachment A

located in the _____Eastern_____ District of _____Pennsylvania_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Felon is Possession of a Firearm |

The application is based on these facts:

See attached Affidavit

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

FILED
DEC 14 2017
By_____KATE BARKMAN, Clerk
_____Dep. Clerk

*Applicant's signature*

Joseph Cain, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/14/2017

*Judge's signature*

City and state: Allentown, PA     Hon. Henry S. Perkin, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF PROBABLE CAUSE IN SUPPORT OF SEARCH WARRANT

I, Joseph Cain, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been employed since July of 2015. I am currently assigned to the ATF Reading Field Office in Reading, Pennsylvania. I was trained as an ATF Special Agent at the Federal Law Enforcement Training Center in Glynco, Georgia. I am also a graduate of the United States Secret Service Training Academy in Beltsville, MD. Since being employed as an ATF Special Agent, I have participated in multiple investigations of illegal firearms. Additionally, I have participated in numerous instances of physical and electronic surveillance. I have interviewed informants, defendants, and other individuals related to these investigations. I have also written numerous reports and analyzed documents related to the above stated investigations. I have participated in the execution of numerous search warrants that have resulted in the seizure on illegal drugs, firearms, and other evidence.

2. This affidavit is being submitted in support of a search warrant for a residence located at 1102 Lincoln Avenue, Northampton, PA 18067 ("Subject Premises," see Attachment A, incorporated herein by reference), to search particular items to be seized (see Attachment B, incorporated by reference), which constitute constituting evidence and instrumentalities of the crime discussed below ("Target Offenses"), that is, felon in possession of a firearm, in violation of Title 18 United States Code, Section 922(g)(1). The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and the review of documents and records. Because this Affidavit is being

1

submitted for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause to search the Subject Premises.

3. On Wednesday, December 13, 2017, Pennsylvania State Constables Frank Kozero, Brad Cassel, and Jim Pellechia responded to Subject Premises to apprehend Donald Leroy MILLER (DOB: 11/06/1971, SSN: 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, FBI: 977718LA9) on the basis of a bench warrant that was issued by Northampton County's Director of the Domestic Relations Section (Case #896107743). I have spoken with these Constables who have provided me with information articulated in this affidavit.

4. Upon arrival, the Constables took positions surrounding the house. Constable Kozero, positioned at the rear of the house, looked through the window on the rear door which led to the basement and could see an assault rifle ("AR") hanging from a clothing line in the basement of the house. The Constable could also see what appeared to be a black pistol next to a gaming system, also in the basement. The Constable radioed his partners and informed them of these observations. The Constables continued to knock on the front door and MILLER answered the door. Once inside the house, the Constable asked MILLER for his Pennsylvania Driver's License, which he provided (PA license #22544117), confirming MILLER's identity as the subject of the open bench warrant. While on the first floor of the Subject Premises, the Constables could see into an open door leading from the kitchen to the attached garage. In the garage, sitting in plain view, the Constables observed approximately six pistols on a workbench. The Constables also noticed fully loaded pistol magazines lying next to the pistols. During the search of MILLER, incident to the arrest, the Constables recovered pistol ammunition from Miller's front pants pocket and placed it on the kitchen table. MILLER told the Constables that

he lost his job in January 2017 and has made money customizing firearms for people. Constable Cassel went into the basement to make sure the property was secure before exiting and he also saw the AR style rifle hanging from clothes line. Constable Cassel informed your affiant that he recognized the rifle as an AR-style rifle because he owns AR style rifles and is familiar with their appearance.

4. During transportation of MILLER from his residence to Northampton County Prison, MILLER who was still in possession of his cellular phone, showed the Constables videos from his cellular phone of him shooting rifles and pistols. Constable Cassel viewed one video of MILLER shooting a golf ball that was hanging from a tree from approximately 100 yards away with a Glock pistol that had iron sights. MILLER also showed the Constables many pictures of firearms that said he has "modified" in the past. The Constables describe the phone as a "newer model iPhone" that was black in color.

5. A NCIC Criminal History check of Donald Leroy MILLER revealed that MILLER pled guilty to felony drug charges and was convicted on December 3, 1990, in Lehigh County, Pennsylvania. A review of the Court of Common Pleas of Lehigh County secure docket confirmed the conviction. As a prior convicted felon, MILLER is prohibited from possessing firearms.

6. As discussed herein, your affiant has probable cause that MILLER has, and continues to, commit the Target Offense. Further, your affiant has probable cause that the firearms, cellular telephone, and other items listed in Attachment B, are located at the Subject Premises, and constitute constituting evidence and instrumentalities of the Target Offense.

7.      Based on my training and experience and the experience of other agents involved in this case, I know that persons possessing firearms, maintain, and conceal, in their residence documents such as receipts and clandestine records evidencing the purchase and sale of firearms. I have personally participated in investigations and search warrants involving prohibited persons who were found in possession of firearms. Through these investigations and from information provided by other ATF Agents it is common practice that persons who illegally possess firearms store and secrete these firearms in their residence in effort to avoid detection by government or law enforcement agencies.

8.      Based on my training and experience, I know that a cellular telephone (or mobile telephone, or wireless telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

9.      Based on my training and experience, I know the following technical information about cellular telephones such as the one identified in this application:

4

a. Digital camera: Many cellular telephones contain digital cameras. A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

b. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

10. Based on my training, experience, and based on the information provided to me by the Constables who viewed video on MILLER's cellular telephone, I know that MILLER's cellular telephone also functions as a digital camera, and portable media player. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

5

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

11. Based on my knowledge, training, and experience, I know that electronic devices, such as a cellular telephone, can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

12. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

c. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.

Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d.   Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

13.   Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

14.   Manner of execution. Because this warrant seeks only permission to examine a device once it is already lawfully in law enforcement's possession, the execution of this portion of the warrant, that is the search of the cellular telephone, does not involve any additional physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## Conclusion

15.   Based upon the foregoing, it is my conclusion that there is probable cause to believe that evidence, as described in Attachment B pertaining to violations of Title 18, United States Code, Section 922(g)(1) (Prohibited Person Not to Possess Firearms), is located on the Subject Premises, as described in Attachment A.

I swear under oath that the above is true and correct to the best of my knowledge and belief.

Joseph Cain, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed before me
this _____ day of December, 2017

HONORABLE HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE